H. B. MAGUIRE, Appellee, v. WILLIAM GRETTENBERG GRAIN COMPANY et al., Appellants.

TRIAL: Conduct in General—Remarks of Court. Remarks of the court
1    in the presence of the jury reviewed, and held to carry no assumption that plaintiff was entitled to recover.

TRIAL: Instructions—Presentation of Issues. In stating the issues
2    to the jury, the court need not necessarily follow the exact nomenclature of the pleader.

TRIAL: Instructions—Stating Withdrawn Issues. When a counter-
3    claim is withdrawn at the close of all the evidence, the court may, for the enlightenment of the jury, state the issues as made by the pleadings and evidence, and *then* inform the jury that said issue has been withdrawn, together with the evidence relating thereto.

SALES: Remedy of Buyer—Recovery of Advance Payment. A buyer
4    who seeks to recover an advance payment made to the seller must establish a breach of the contract by the seller.

TRIAL: Instructions—Stating Issues—Harmless Error. It is quite im-
5    material that the court fails to specify the particular day on which market value should be determined, as a basis for computing damages, when plaintiff has contended for only one certain day, when the evidence relates to said day only, and when the verdict is in accord with the evidence.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

FEBRUARY 14, 1922.

ACTION for damages for breach of a contract for the purchase of 1,000 bushels of oats, to be delivered by plaintiff to defendant in the month of August, at 80 cents per bushel. De-

fendant admits the contract, but denies the breach, and by way of counterclaim avers that the contract was breached by the plaintiff, and asks judgment against the plaintiff for $100 damages for such breach, and also for $100 purchase money paid when the contract was made. There was a verdict for the plaintiff, and defendant appeals.—*Affirmed.*

*Jepson, Struble & Anderson,* for appellants.

*R. E. Hess, Hess, Crary & Marshall,* and *Kindig, McGill, Stewart & Hatfield,* for appellee.

Evans, J.—The sole defendant is William Grettenberg, who operates as a grain buyer, under the name of William Grettenberg Grain Company. It is undisputed that the parties entered into a written contract on July 1, 1920, whereby the plaintiff sold and agreed to deliver to the defendant 1,000 bushels of oats, at 80 cents per bushel, delivery to be made between August 1 and September 1, 1920, at "buyer's option." From the evidence on behalf of the plaintiff, it appears that he threshed his oats on August 17th; that, on or about August 15th, he proposed to the defendant that he would deliver the grain from the threshing machine; that he was directed by the defendant not to do so, for the reason that the defendant was lacking in room to receive the same; that, some days later, and within the month of August, he again spoke to the defendant, proposing to deliver the oats, and was directed by the defendant to defer such delivery until further notice from him; that, receiving no further notice from the defendant, the plaintiff did, on September 29th, bring a load of oats to the defendant for the purpose of delivery; and that the defendant then for the first time denied his obligation to take the same, and declared his refusal. The market value for oats on that day was either 43 or 45 cents. He claimed as his damages the difference between such market value and the contract price of 80 cents.

From the evidence on behalf of the defendant, it appears that the defendant notified the plaintiff on July 22d that he had resold the oats, to be delivered on or before August 6th, and that he would expect the plaintiff to make delivery before that date; that, on August 4th, substantially the same notification was

given; that, on the night of August 6th, he notified the plaintiff that the contract was canceled for want of delivery in accordance with defendant's demands. The defendant also denied substantially all the evidence on behalf of plaintiff which has been here recited. The plaintiff denied substantially all the evidence in behalf of the defendant herein recited. It will be noted, therefore, that the evidence on behalf of each party tended to show a breach of the contract by the other; and this presents the substantial issue in the case. The appellant assigns 16 errors as grounds of reversal. These all pertain to instructions by the court. It will not be practicable for us, within the limits of an opinion, to discuss each seriatim.

I.   The first error presented is directed to a statement made by the trial court in the presence of the jury. Plaintiff's witness Preston stated on cross-examination that he had farmed on shares with the plaintiff, and that he had an

1. TRIAL: conduct in general: remarks of court.

interest in the oats contracted to be sold by plaintiff to defendant. The following is a part of such cross-examination:

"Q.  You have that interest in them yet, do you not? (Same objection, as immaterial.)

"The Court: Sustained. (Defendant excepts.)

"Mr. Hess: I do not understand the ruling of the court on the last question.

"The Court: I will instruct the jury that the right to maintain suit under this contract is absolute. (Defendant excepts.)"

Complaint is directed to the remark of the court, on the ground that it, in effect, "advised the jury that the appellee should recover." We see no such significance to the remark. Having reference to the context in the record, it is manifest that there was an attempt by the cross-examination to show that the plaintiff was not the real party in interest. No such issue was tendered in the pleading. The remark of the court was a mere ruling sustaining objection to the cross-examination. The defendant excepted to the ruling. He does not now complain of the ruling as such, but does complain that the remark, in its effect and form, was prejudicial before the jury. No such objection was made to the remark at the time.

II.   The second assignment is a blanket objection to all the instructions as not clear and concise, and that they do "not embody correct statements, either of fact or of law." Clearly, this is too general for our consideration, except so far as it is rendered specific by later assignments.

2. TRIAL: instructions: presentation of issues.

The third assignment complains of the failure of the court to properly state the issues tendered by the defendant's answer.   Defendant's answer "specifically denies that plaintiff offered to perform said contract or tendered performance of the same within the time provided in said contract." The instruction of the court stated this denial as follows:

"Specially denies that plaintiff offered to perform such contract or attempted to perform the same as provided in said contract."

The substitution of the word "specially" for the word "specifically" and the omission of the last quoted clause in defendant's answer constitute the particular complaints.   The words "specifically" and "specially" are not synonymous.   If either of them added anything to the quality of the denial or took anything away therefrom, there might be some reason for complaint.   The defendant's denial was no stronger as being "specific," nor any weaker as being "special."   An omission of the word "specific" could not be prejudicial.   If the substitution of the word "specially" could be deemed to have any effect upon the minds of the jury, it would be to emphasize the quality and character of defendant's denial.   As to the other substitutions complained of in the same connection, they impress us as equally unimportant and nonprejudicial.

III.   At the close of all the evidence, the defendant orally withdrew from his counterclaim the item of $100 damages for breach of the contract by appellee.   It is now complained that the court ignored such withdrawal, in the statement of the issues to the jury, and that it stated the issues as they were made by the counterclaim, notwithstanding such withdrawal.   Complaint is further made that the court erred in imposing any burden of proof upon the defendant as to his counterclaim, after the defendant had withdrawn such item.   The court did state the issues to the jury precisely as they appeared in the pleadings.   This included

3. TRIAL: instructions: stating withdrawn issues.

the issue of damages for breach by plaintiff, as made by defendant's counterclaim. In a later instruction, however, the court did advise the jury that this item had been withdrawn, and it confined the defendant's right of recovery to the sum of $100, which was the advance payment made by the defendant to the plaintiff at the time the contract was entered into.

It is argued that the court, in instructing the jury, should have wholly ignored the item of damages withdrawn by the defendant, and that the instructions as given were prejudicial, for that reason, to the defendant.

It is to be noted that the defendant kept his claim before the jury, not only by his pleading, but by his evidence. He introduced his evidence tending to show his damages and the measure thereof. His withdrawal was oral before the court. It was consistent, therefore, with the course of the trial that the court should first have stated the issues as made by the pleadings, and afterwards have stated what item of the pleadings had been withdrawn by the defendant. Otherwise, the evidence offered by the defendant in support of an item would remain in the record unexplained, and might have the effect to mislead the jury as to its significance. It is not a matter of right to any litigant to introduce evidence in support of the allegations of his pleading and then keep the evidence before the jury, while withdrawing the pleading before the court, and then insist that no reference should be made to the withdrawal. The jury is entitled to know that the evidence introduced in support of the pleading is no longer to be considered. The court could properly, in such a case, instruct the jury that such evidence is withdrawn from their consideration. The court did much less in this case, and we see no proper ground of complaint by appellant.

It is further argued that, when the defendant withdrew his item of damages claimed for the breach, no further burden of proof rested upon the defendant upon his counterclaim. It ap- pears that the defendant paid the plaintiff $100 on the purchase of the oats. In his counter- claim he pleaded a breach of the contract by the appellee, and as a result of such breach, he claimed two items: (1) The recovery of the $100 purchase money paid; (2) the

4. SALES: remedy of buyer: recovery of advance payment.

sum of $100 damages resulting to him out of his resale of the oats and the failure of the plaintiff to make delivery so as to enable him to fill his own contract.

The theory of defendant is that he had no burden of proof except as to the latter item; that, when he withdrew such item, he became entitled, as a matter of law, to recover the $100 paid, without any proof on his part of a breach by the plaintiff. We cannot sustain this contention. In order to recover the $100 purchase money paid, he was required to show a breach of contract by plaintiff. Unless there was such breach, plaintiff could apply the money to the extent of his own damages. The jury did find that the contract was breached by the defendant. It necessarily found that it was not breached by the plaintiff. It was correct, therefore, to say that it was incumbent upon the defendant to prove his counterclaim for $100 purchase money by a preponderance of the evidence, showing a breach of the contract by the plaintiff. And this is so even though the court put the same burden of proof upon the plaintiff, to prove that the breach was committed by the defendant. The foregoing disposes of Assignments 4, 5, 6, 12, 13, and 14.

IV. There are certain assignments of error which complain of the failure of the court to instruct specifically upon certain features of the evidence. It is sufficient to say as to these that no specific instruction was requested by the defendant upon any particular feature of the case. The more salient and general features of the case were covered by the instructions.

V. Lastly, it is complained that the court did not properly instruct on plaintiff's measure of damages, in that the instructions fixed no time or date upon which the market value should be considered. There is no dispute upon the proposition of law that the measure of damages would be the difference between the contract price and the market price on the day of the breach. The plaintiff charged the breach to have occurred on September 29th, and on no other date. The evidence in his behalf tended to support this date, and no other. There was no evidence in the record from either side that had any tendency to show a breach by defendant as upon any other date than September 29th. The market price on that date was either 43, 45, or 46 cents.

5. TRIAL: instructions: stating issues: harmless error.

There was evidence tending to show each of these prices. The jury allowed something less than 45 cents, the verdict being for $249, which included interest from September 29, 1920, to February 9, 1921, and deducted $100 purchase money paid. The defendant suffered no prejudice, therefore, on the question of measure of damages.

We find no prejudicial error in the record. The judgment below is, therefore,—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.